NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 13 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY W. RECTOR, | No. 14-55884 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05288-DSF-MAN |
| v. | |
| WELLS FARGO DEALER SERVICES; NADINE GARCIA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Anthony W. Rector appeals pro se from the district court's summary

judgment in his action alleging violations of the Telephone Consumer Protection

Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

invasion of privacy.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Rector's TCPA claim because Rector failed to raise a genuine dispute of material fact as to whether defendants used an automatic telephone dialing system to call Rector.  *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (setting forth elements of a TCPA claim, including that defendant must have used "an automatic telephone dialing system").

The district court properly granted summary judgment on Rector's FDCPA claim because Rector failed to raise a genuine dispute of material fact as to whether defendants were debt collectors within the meaning of the FDCPA.  *See* 15 U.S.C. § 1692a(6)(F)(iii) ("[D]ebt collector" does not include "any person collecting or attempting to collect any debt owed . . .  to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) (holding that defendant was not a "debt collector" for purposes of the FDCPA where it acquired plaintiff's debt before it was in default).

The district court properly granted summary judgment on Rector's invasion

2                                                                    14-55884

of privacy claim because Rector failed to raise a genuine dispute of material fact as to whether defendants' conduct would be highly offensive to a reasonable person. *See Deteresa v. Am. Broad. Cos*., 121 F.3d 460, 465 (9th Cir. 1997) (setting forth elements under California law of a claim for invasion of privacy by intrusion upon seclusion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**